[Cite as *State v. Cobb*, 2017-Ohio-7836.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-656 |
| | | (C.P.C. No. 15CR-2427) |
| Aries Cobb, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 26, 2017

**On brief:** *Michael DeWine*, Attorney General, *Samuel J. Kirk, III* and *Christopher S. Cellier*, for appellee. **Argued:** *Samuel J. Kirk, III.*

**On brief:** *Henderson, Mokhtari & Weatherly Co., L.P.A.,* and *Justin M. Weatherly*, for appellant. **Argued:** *Justin M. Weatherly.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Aries Cobb is appealing from her conviction on charges of medicaid fraud, theft and telecommunication fraud. She assigns two errors for our consideration:

*Assignment of Error I:*

THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASON-ABLE DOUBT THAT THE APPELLANT WAS GUILTY OF MEDICAID FRAUD, THEFT, AND TELECOMMUNI-CATIONS FRAUD.

*Assignment of Error II:*

APPELLANT'S CONVICTIONS FOR MEDICAID FRAUD, THEFT, AND TELECOMMUNICATIONS FRAUD WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} Dr. Cobb formed Edu-at-Tech, LLC to perform tutoring services for students with learning disabilities. She eventually began billing for laboratory services she arguably did not provide. Similarly she billed for speech-language pathology services which testimony at trial indicated were never provided.

{¶ 3} At times Dr. Cobb claimed that she was operating a public school out of her home. At other times, Dr. Cobb claimed she was operating a community clinic so she could be paid for performing medical tests. Her description of what Edu-at-Tech, LLC was and what it was doing seemed to vary based on what she thought could get her paid.

{¶ 4} Dr. Cobb's description of Edu-at-Tech, LLC as a public school fell apart when Dr. Cobb's medical biller informed the Ohio Department of Medicaid that Dr. Cobb was not operating a public school.

{¶ 5} Dr. Cobb's description of Edu-at-Tech, LLC as an entity providing medical testing also came under scrutiny. A surprise inspection by the Ohio Department of Health indicated that the testing Dr. Cobb claimed was not being performed.

{¶ 6} Dr. Cobb made statements which served to sink her into deeper trouble. For instance, Dr. Cobb claimed that she provided services at a school which had been closed for ten years.

{¶ 7} Patient files for Dr. Cobb's students did not support claims of speech therapy services being provided. Later documents provided by Dr. Cobb were documents allegedly authored by a consultant who clearly denied at trial that she (the consultant) had anything to do with the documents.

{¶ 8} Similarly, documents to support billings for laboratory testing were shown to be fraudulent, as were some documents apparently created to justify billing for speech services.

{¶ 9} In determining whether a verdict is against the manifest weight of the evidence, this court acts as a "thirteenth juror." This role allows the court to weigh the evidence in order to determine whether the trier of fact "clearly lost its way and created

such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). However, the power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, i.e., when "the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *Martin* at 175.

{¶ 10} An appellate court acting in its role as "thirteenth juror" also must keep in mind the trier of fact's superior, first-hand position in judging the demeanor and credibility of witnesses. "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. A court of appeals cannot reverse a jury verdict on manifest-weight grounds unless all three appellate judges concur. *Thompkins* at 389.

{¶ 11} The trial judge served as the trier of fact after the right to a jury trial was waived. The judge could reasonably find that Dr. Cobb repeatedly billed the Ohio Department of Medicaid for services which were not provided, after using electronic means of communicating the billings. The trial court judge could readily disbelieve Dr. Cobb's claims in her testimony that she did not create a scheme to defraud and steal.

{¶ 12} The trial court's verdicts were supported by more than sufficient evidence. The trial court's verdicts were in accord with the manifest weight of the evidence.

{¶ 13} The two assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____